JOHNSTON & HUTCHINSON LLP
350 South Grand Ave., Ste. 2220
Los Angeles, CA 90071
Telephone: (213) 542-1978
Facsimile: (213) 542-1977
Thomas J. Johnston, Esq. SBN: 210506
*tjj@johnstonhutchinson.com*
Nicholas M. Hutchinson, Esq. SBN: 221870
*nmh@johnstonhutchinson.com*
Lauren Bullock, Esq. SBN: 136867
*lb@johnstonhutchinson.com*

Attorneys for Plaintiff Jane Doe

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JANE DOE, an individual;<br><br>           Plaintiff<br><br>      v.<br><br>CITY OF UKIAH, a government entity, UKIAH POLICE DEPARTMENT, a government entity, and NOBLE WAIDELICH, an individual;<br><br>           Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>1. Violations of Civil Rights<br>    [42 U.S.C. § 1983]<br>    (Based on Sexual Battery)<br>2. Violations of Civil Rights<br>    [42 U.S.C. § 1983]<br>    (Based on Supervisory Liability)<br>3. Negligent Hiring, Supervision, and Retention – Cal. State Tort Law<br>4. Battery – Cal. State Tort Law<br>5. Sexual Battery – Cal. State Tort Law<br><br>Demand for Jury Trial |

---

1

**COMPLAINT FOR DAMAGES**

1. This Complaint concerns the abuse of power by Defendant City of Ukiah Police, Ukiah Police Department, and Chief Noble Waidelich, and specifically Waidelich's sexual battery of Plaintiff while under the color of authority as well as the City's negligence in hiring and supervising Waidelich.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction of this matter because the incident occurred within the City of Ukiah and Mendocino County. This court also has jurisdiction over Plaintiff's 28 U.S.C.§ 1343(3)-(4) claim for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

3. Venue is proper in the Eureka Division of the Northern District of California as the incidents herein described arose from City of Ukiah and Mendocino County.

## PARTIES

4. At all relevant times mentioned herein, Plaintiff Jane Doe was a resident of California, County of Mendocino.

5. Plaintiff is informed and believes that at all times relevant herein, Defendant City of Ukiah Police Chief Noble Waidelich ("Chief Waidelich" or "Waidelich") was employed by the City of Ukiah in its Police Department ("Ukiah P.D.") in the position of department chief. The Ukiah P.D. is, and at all times mentioned herein was, a department of the Defendant City of Ukiah. During all times mentioned herein, Chief Waidelich was acting under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of

the Ukiah P.D., and was acting within the course and scope of his employment with the Ukiah P.D.

6.  Plaintiff is informed, believes, and thereupon alleges that the City of Ukiah, and its Police Department, is, and at all relevant times herein was, a government entity organized and existing under the laws of the State of California.

7. Defendants, and each of them, are individuals, other government entities, corporations, partnerships, and other entities which engaged in, joined in, and conspired with the other wrongdoers in carrying out the tortious and unlawful activities described in this complaint, and Defendants, and each of them, ratified the acts of the other Defendants as described in this Complaint.

8.  Each of the individual Defendants sued herein is sued both in their individual and personal capacity as well as in their official capacity.

9.  This Complaint concerns the sexual assault, battery, abuse and harassment of Plaintiff Jane Doe on or around June 13, 2022 at her home in Ukiah in the County of Mendocino and in the State of California.

10. During the acts and omissions alleged herein, Chief Waidelich was on duty, in uniform, and wearing a badge and carrying a firearm.

11. Plaintiff filed a timely government claim on November 14, 2022 that was rejected on December 29, 2022 as a matter of law.

//

//

# FIRST CAUSE OF ACTION

**Against Defendants CITY OF UKIAH, UKIAH POLICE DEPARTMENT, NOBLE WAIDELICH**
**For Violations of Civil Rights [42 U.S.C. § 1983]**
**Based on Sexual Battery**

12. Plaintiff hereby restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full at this point and each and every part thereof with the same force and effect as though set out at length herein.

13. This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of rights, privileges, and immunities secured to Plaintiff by the United States Constitution and the Constitution of the State of California.

14. At all times mentioned herein, Defendant Chief Waidelich was employed by the City of Ukiah Police Department ("Ukiah P.D.") in the position of Department Chief. Defendant City of Ukiah provided Chief Waidelich with an official badge, identification cards and a police uniform which designated and described Chief Waidelich as an agent and employee of the City of Ukiah and Ukiah P.D.

15. During all times mentioned herein, Chief Waidelich acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the Ukiah P.D., and in so doing, deprived Plaintiff of the rights, privileges, and immunities secured to her by the United States Constitution and the laws of the United States and the State of California.

4
COMPLAINT FOR DAMAGES

16. During all times mentioned herein, Chief Waidelich was acting in the course and scope of his employment with City of Ukiah and Ukiah P.D.

17. During all times mentioned herein, Chief Waidelich's conduct toward Plaintiff was cruel, unusual, malicious, sadistic, offensive to human dignity, sexually abusive, sexually harassing, without penological justification and for his own gratification, thereby depriving Plaintiff of the rights, privileges, and immunities secured to her by the United States Constitution and the laws of the United States and the State of California.

18. On June 13, 2022 at her home in Ukiah, California, Chief Waidelich sexually assaulted, battered, abused, harassed, and injured Plaintiff, as previously described, all of which constituted unjustifiable, unreasonable, and unlawful acts of sexual misconduct in violation of and with deliberate indifference to Plaintiff's constitutional rights.

19. The above acts and omissions of the Defendants, and each of them, was undertaken while under color of state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein.

20. The individual defendants named herein, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of her federally and state protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiff to punitive and exemplary

damages in an amount to be proven at the trial of this matter.

21. As a direct and proximate result of the aforementioned constitutional violations, Plaintiff was sexually assaulted, battered, abused and harassed and has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, self-degradation, shame, disgust, isolation, and apprehension, all to her damage in a sum to be determined at trial.

22. Additionally, Plaintiff has been forced to incur substantial amounts of economic loss (past, present and future), including attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations. Jane Doe is entitled to, and hereby demand, costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

///

///

///

///

///

///

///

# SECOND CAUSE OF ACTION

**Against Defendants CITY OF UKIAH, UKIAH POLICE DEPARTMENT
For Violations of Civil Rights [42 U.S.C. § 1983]
Based on Supervisory Liability**

23. Plaintiff Jane Doe hereby restate and incorporate by reference the foregoing paragraphs of this complaint as if set forth in full at this point and each and every part thereof with the same force and effect as though set out at length herein.

24. This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of rights, privileges, and immunities secured to Plaintiff.

25. Plaintiff is informed and believes that at all times relevant herein, Defendant Ukiah P.D. had officers supervising Defendant Chief Waidelich during the time periods alleged herein.  These supervisory officers are responsible under a theory of supervisory liability for the act and omissions of Defendant Chief Waidelich as alleged herein because, on information and belief, the supervisors knew or should have known that Chief Waidelich would deprive Jane Doe of her constitutional rights as set forth herein.

26. As a direct and proximate result of the aforementioned constitutional violations, Jane Doe was sexually assaulted, battered, abused and harassed in her home on June 13, 2022 in Ukiah, California by Chief Waidelich and has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger,

lack of motivation, rage, self-degradation, shame, disgust, isolation, and apprehension, all to her damage in a sum to be determined at trial.

27. Additionally, as a proximate cause of aforementioned acts and omissions, Jane Doe has treated and will continue to treat with mental health providers in an amount to be proven at trial.

28. Jane Doe been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations. Jane Doe is entitled to, and hereby demand, costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

**Against Defendants CITY OF UKIAH, UKIAH POLICE DEPARTMENT**
**For Negligent Hiring, Supervision, and Retention – California Law Tort Action**

29. Plaintiff Jane Doe hereby restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full at this point and each and every part thereof with the same force and effect as though set out at length herein.

30. Defendants City of Ukiah and Ukiah P.D. owed Plaintiff a duty to properly hire, supervise and retain or dismiss Chief Waidelich. On information and belief, Defendants City of Ukiah and Ukiah P.D. knew or should have known that Chief Waidelich was a risk to members of the public and specifically Jane Doe and should

not have hired him. Further, Defendants City of Ukiah and Ukiah P.D. knew or should have known Chief Waidelich was a risk to Plaintiff Jane Doe and should have provided adequate supervision of him so as to not allow him to be in a position to assault Jane Doe.

31. Defendants City of Ukiah and Ukiah P.D. breached their duty when on June 13, 2022 at her home in Ukiah California Chief Waidelich sexually assaulted Plaintiff actually and proximately causing Plaintiff to suffer physical pain and emotional anguish, distress, and pain, all to Plaintiff's damage according to proof at trial.

32. As a further proximate result of Defendant City of Ukiah and Ukiah P.D.'s negligence in hiring, supervising and retaining Chief Waidelich, Plaintiff has suffered, and will suffer into the future, economic and non-economic loss in a sum to be determined at the time of trial.

## FOURTH CAUSE OF ACTION

**Against Defendants CITY OF UKIAH, UKIAH POLICE DEPARTMENT, NOBLE WAIDELICH**
**For Battery – California Law Tort Action**

33. Plaintiff Jane Doe hereby restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full at this point and each and every part thereof with the same force and effect as though set out at length herein.

34. Defendant Chief Waidelich during the course and scope of his employment with Defendants City of Ukiah and Ukiah P.D., on June 13, 2022 at Plaintiff's home in Ukiah California, intentionally and unlawfully, and without consent, made unlawful contact with Plaintiff Jane Doe, which caused Plaintiff Jane Doe to suffer physical pain and emotional anguish, distress, and pain, all to Plaintiff's damage according to proof at trial.

35. Defendant Chief Waidelich did so intentionally, willfully, and maliciously thus giving rise to punitive and exemplary damages against Defendant Chief Waidelich in an amount to be proven at the trial of this matter.

## FIFTH CAUSE OF ACTION

**Against Defendants CITY OF UKIAH, UKIAH POLICE DEPARTMENT, NOBLE WAIDELICH**
**For Sexual Battery – California Law Tort Action**

36. Plaintiff Jane Doe hereby restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full at this point and each and every part thereof with the same force and effect as though set out at length herein.

37. Defendant Chief Waidelich, during the course and scope of his employment with Defendants City of Ukiah and Ukiah P.D., intentionally and unlawfully, and without consent, sexually assaulted Plaintiff Jane Doe on June 13, 2022 at her home

in Ukiah California, causing her to suffer physical pain and emotional anguish, distress, and pain, all to Plaintiff's damage according to proof at trial.

38. Defendant Chief Waidelich did so intentionally, willfully, and maliciously thus giving rise to punitive and exemplary damages against Defendant Chief Waidelich in an amount to be proven at the trial of this matter.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general damages in an amount to be determined according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For costs of suit incurred herein;
4. For punitive damages against the individual Defendants in an amount to be determined according to proof at trial on those causes of actions where punitive damages are legally permissible;
5. For attorneys' fees and expert witness fees incurred herein;
6. For statutory damages as permitted by law; and
7. For such other and further relief as the Court deems just and proper.

DATED:  February 28, 2023

                 JOHNSTON & HUTCHINSON LLP

                By: _____
                 THOMAS J. JOHNSTON
                 Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED:  February 28, 2023   JOHNSTON & HUTCHINSON LLP

                By: _____
                 THOMAS J. JOHNSTON
                 Attorneys for Plaintiff