UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

Plaintiff,

v.

CITY OF UKIAH, et al.,

Defendants.

Case No. 23-cv-00908-AMO

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 44

Plaintiff Jane Doe brings a lawsuit against the City of Ukiah ("City"), Ukiah Police Department, and Ukiah Police Chief Noble Waidelich, alleging that Waidelich sexually assaulted her in her home and that the City is responsible for its negligent supervision of Waidelich. Before the Court is Defendant City's motion to dismiss the second and third causes of action from Second Amended Complaint ("SAC"). ECF 44. The Court assumes familiarity with the facts of the case, the parties' arguments, and the relevant law. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** in part and **DENIES** in part the motion to dismiss for the following reasons.

"To state a claim under [Section] 1983, a plaintiff must allege the *violation of a right secured by the Constitution and laws of the United States*, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Other than two passing references to the Fourteenth Amendment, Doe does not identify the federal right that the City violated. *See* SAC (ECF 39) ¶¶ 28, 38. Thus, the Court cannot discern which federal right of hers Doe claims the City violated. Without knowing which rights Doe alleges were violated, the Court cannot fully assess whether Doe has stated a claim against the City or alleged the existence of an unlawful policy, practice, or custom

United States District Court
Northern District of California

United States District Court
Northern District of California

under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).[1]

Moreover, Doe pleads only conclusory allegations of supervisory liability. A supervisor is liable under Section 1983 "if there exists either (1) [their] personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). Doe alleges that "supervisory officers" allegedly "knew or should have known that Chief Waidelich would deprive Jane Doe of her constitutional rights." SAC ¶ 52. However, the SAC fails to identify who the supervisory officers are or to articulate what wrongful conduct they committed or their personal involvement in any constitutional violation. *See Starr*, 652 F.3d at 1207. Thus, even if Doe had articulated a federal right that the City violated, she has failed to allege facts supporting supervisory liability sufficient to state a claim against the City.[2] For these reasons, the Court **GRANTS** the motion to dismiss the second cause of action with leave to amend.

"[A]n employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee." *Doe v. Cap. Cities*, 50 Cal. App. 4th 1038, 1054 (1996). Negligent supervision requires showing that "the risk of harm was reasonably foreseeable." *D.Z. v. Los Angeles Unified Sch. Dist.*, 35 Cal. App. 5th 210, 229 (2019). "Foreseeability is determined in light of all the circumstances and does not require prior identical events or injuries. . . . [N]egligence is established if a reasonably prudent person would foresee that injuries of the same general type would be likely to happen in the absence of [adequate] safeguards." *Id.* (citations

---

[1] In Opposition, Doe states that "while it is necessary that Plaintiff offer facts showing a violation of her constitutional rights, Defendant does not premise their motion on a failure to allege this element, so Plaintiff need not address it in opposition." ECF 47 at 9 n.3. While Plaintiff is generally right, given the scant allegations in the SAC, the claim cannot proceed as currently pled.

[2] The City offers the Court no assistance by its improper citation to various newspaper articles to contradict the allegations in the SAC. *See* ECF 44 at 8-10 (citing footnotes 4-14). Courts may not take judicial notice of publications introduced to indicate that "the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted); *see Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1002 (N.D. Cal. 2020). These extraneous facts are both improper for a Rule 12(b)(6) motion and unhelpful to the Court's analysis of the allegations in the SAC.

United States District Court
Northern District of California

omitted). The City prematurely argues the merits of the claim asserting that while it was "aware of possible assault of Victim [4]," it hired an independent investigator "who determined the assault allegations were unsubstantiated, largely due to Victim 4 repeatedly denying the allegations." ECF 44 at 12. However, these facts are not properly before the Court on a motion to dismiss. Instead, the Court must accept Plaintiff's factual allegations in the SAC as true and construe the pleadings in the light most favorable to Plaintiff. *See Manzarek v. St. Paul & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). Doe alleges that the investigator told Victim 4 that the Ukiah Police Department hired him to "cover their asses" and that if there was abuse, he trusted Victim 4 to protect herself. SAC ¶ 30. After initially denying the allegations, Victim 4 came forward about the abuse and filed a public lawsuit against Waidelich. SAC ¶¶ 30-33. With knowledge of these allegations and the lawsuit, the City promoted Waidelich to Chief, where he had no supervision. SAC ¶¶ 34-35, 37. Based on these allegations, Plaintiff has sufficiently alleged that there was a "reasonably foreseeable" risk that Waidelich would assault her. *See D.Z.*, 35 Cal. App. 5th at 229. Accordingly, the Court **DENIES** the motion to dismiss the third cause of action.

For the foregoing reasons, the Court **GRANTS** the motion to dismiss the second cause of action and **DENIES** the motion to dismiss the third cause of action. Doe may file an amended complaint by **August 5, 2024**. No additional parties or claims may be added without leave of Court or stipulation. The Court reminds the City that it may file a motion for a more definite statement under Rule 12(e) before moving to dismiss any further amended complaint.

**IT IS SO ORDERED.**

Dated: July 16, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**